WEIMER, J.,
dissents and would grant docket.
I,This case presents not only a question of law — whether the requirement of La. *792 R.S. 40:2531(B)(3) that “[a]ll interrogations of any police employee or law enforcement officer in connection with the investigation shall be recorded in full,” is limited or qualified by the next sentence, stating that “[t]he police employee or law enforcement officer shall not be prohibited from obtaining a copy of the recording or transcript of his statements upon his written request” such that only a failure to record the interrogation of the police employee or law enforcement officer requesting a copy of his or her statement constitutes a violation of the statute — but also a question of fact — whether the interrogation of Sergeant Hebert was ever recorded. Because I believe that the court of appeal correctly interpreted the two sentences of La. R.S. 40:2531(B)(3) as stand alone provisions based on the clear and unambiguous language of the statute, correctly resolving the legal issue, and that the factual issue requires an examination of the record, of which this court does not have the benefit, I would grant and docket this matter for briefing, argument, and an opinion based on an examination of the full record, rather than resolve this case by per curiam opinion.